VIRGINIA:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

**CURTIS BATTLE**
6001 Princess Garden Pkwy
Lanham, Maryland 20706

Plaintiff,

v. Case No.: ______________

**PAVION CORP.**
Formerly known as Corbett Technology Solutions, Inc.
**SERVE:** CT Corporation System, R.A.
4701 Cox Road, Suite 285
Glen Allen, VA 23060

And

**JAELEN A. GADSON**
8810 Falk Stone Ln.
Alexandria, Virginia 22309

Defendants.

**COMPLAINT**

The Plaintiff, Curtis Battle, respectfully moves the Court for Entry of Judgment against Defendants, Pavion Corp., formerly known as Corbett Technology Solutions Inc., and Jaelen A. Gadson, individually, jointly and/or jointly and severally, upon the following grounds:

Plaintiff is an adult resident of the State of Maryland.

Defendant, Jaelen A. Gadson is an adult resident of the Commonwealth of Virginia, and Defendant Pavion Corp., individually and formerly known as Corbett Technology Solutions Inc., maintains its principal place of business in the Commonwealth of Virginia. The subject automobile accident occurred in the Commonwealth of Virginia. Plaintiff's claim for money

damages exceeds the sum of Seventy-Five Thousand Dollars ($75,000.00) exclusive of interest, costs, etc. The Jurisdiction of this Honorable Court to hear and decide Plaintiff's claim is based upon diversity of citizenship.

**COUNT I - NEGLIENCE**

1. On Tuesday, September 17, 2024, at approximately 8:00 a.m., Plaintiff was operating a Ford Bus while traveling northbound along the right lane on Interstate 395, aka Arland D. Williams, Jr. Memorial Bridge prior to the exit for Route 1 in Arlington County, Virginia.

2. At the same time and place, Defendant Gadson was operating a motor vehicle owned by Defendant Pavion Corp., directly behind the Plaintiff's vehicle while also traveling northbound on Interstate 395 in Arlington, Virginia.

3. As Plaintiff was stopped for other stopped traffic ahead, Defendant Gadson did not stop and caused his vehicle to negligently collide with the rear portion of Plaintiff's vehicle with great force and impact.

4. That at the same time and place aforementioned, it became the duty of said Defendants, either individually and/or jointly and severally, to operate and/or to have its motor vehicle operated in a safe and prudent manner, to maintain a constant vigilance for all other vehicles around him and ahead of him, to pay full time and attention; to avoid striking other vehicles; to yield the right of way and to observe all the traffic laws, rules and regulations of the Commonwealth of Virginia. That notwithstanding the aforementioned duties, said Defendants, either individually and/or jointly & severally, failed in the performance thereof, and negligently and recklessly caused their motor vehicle to violently strike the Plaintiff's motor.

5. That said collision being the direct result of the negligence and carelessness of Defendant Gadson's violations of the traffic regulations of the Commonwealth of Virginia, which negligence includes, but is not limited to, following too closely; failure to pay full time and attention during the operation of his vehicle; failure to maintain and keep a proper lookout; failure to make reasonable observations; and failure to brake.

6. As a direct result of the above-described collision and Defendant Gadson's negligence and carelessness, Plaintiff suffered injuries to his body including, but not limited to, pain in his head, neck, abdomen, chest wall and lower back radiating into his left leg, along with a permanent aggravation of pre-existing physical conditions and suffered injury to his nervous system.

10. As a direct result of the Defendant Gadson's negligence and carelessness, Plaintiff incurred past expenses for medical care including, but not limited to, ambulance services, emergency medical care, doctor visits, diagnostic testing, physical therapy, orthopedic visits, pain management and prescription medications, all in an effort to be cured of his injuries and relieved of his pain and suffering.

11. As a further direct result of the above-described motor vehicle collision and Defendant Gadson's negligence and carelessness, Plaintiff will incur medical expenses in the future as he remains under the care of medical doctors for treatment related to this collision and has permanent impairments to his body.

12. As a further direct and proximate result of Defendant Gadson's negligence and the above-described motor vehicle accident, Plaintiff has experienced pain, suffering and inconvenience and will continue to suffer from the same.

13. As a further direct and proximate result of Defendant Gadson's negligence and the above-described motor vehicle accident, Plaintiff was unable to work and suffered a loss of income and lessening of earning capacity.

WHEREFORE, Plaintiff demands judgment against Defendant Gadson in the sum of Seven Hundred fifty Thousand Dollars ($750,000.00) plus pre-judgment interest and costs of this action herein.

**COUNT II**

**VICARIOUS LIABILITY AND RESPONDEAT SUPERIOR – PAVION CORP.**

14. That the Plaintiff hereby incorporates and adopts by reference each and every allegation contained in Count I above and further states that at the aforementioned time and place of the collision, the vehicle being driven by the Defendant, Jaelen A. Gadson, a permissive, authorized operator, was owned by the Defendant Pavion Corp.

15. That the aforesaid Defendant Gadson, was operating said motor vehicle as the agent, servant, employee, and/or permittee of Defendant Pavion Corp.

16. The negligence of Defendant Gadson as previously described herein is imputed to the Defendant Pavion Corp. under the doctrines of Respondeat Superior and Vicarious Liability.

WHEREFORE, Plaintiff Curis Battle demands judgment against the Defendants Pavion Corp., formerly known as Corbett Technology Solutions Incorporated and Jaelen A. Gadson, individually, jointly and/or severally in the sum of Seven Hundred Fifty Thousand Dollars ($750,000.00), plus prejudgment interest and costs of suit herein.

Curtis Battle,

By Counsel

Robert M. Somer, Esquire VSB #43347
8303 Arlington Blvd. Suite 102
Fairfax, Virginia 22031
Tel (703) 560-0700
Fax (703) 560-4047
rob@hiltonsomerlaw.com

OF COUNSEL:

Marvin Liss, Esq.
5225 Wisconsin Avenue, NW, Suite 306
Washington, DC 20015
Tel (202) 237-6300
marvin@mlisslaw.com
*Attorneys for Plaintiff*

VIRGINIA:

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | | |
|---|---|---|
| CURTIS BATTLE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: _______________ |
| | ) | |
| PAVION CORP. Formerly known as Corbett Technology Solutions, Inc. | ) | |
| | ) | |
| And | ) | |
| | ) | |
| JAELEN A. GADSON | ) | |
| | ) | |
| Defendants. | ) | |

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38 and Local Civil Rule 38 of the U.S. District Court for the Eastern District of Virginia, Plaintiff hereby demands a jury trial as to all issues.

CURTIS BATTLE,

By Counsel

Robert M. Somer, Esquire VSB #43347
8303 Arlington Blvd. Suite 102
Fairfax, Virginia 22031
Tel (703) 560-0700
Fax (703) 560-4047
rob@hiltonsomerlaw.com
OF COUNSEL:

Marvin Liss, Esq.
5225 Wisconsin Avenue, NW, Suite 306
Washington, DC 20015
Tel (202) 237-6300
marvin@mlisslaw.com
Attorneys for Plaintiff